[D.I. 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

TERRY J. WALKER,

             Plaintiff,

     v.

COUNTY OF GLOUCESTER, et al.,

             Defendants.

Civil No. 15-7073 (RBK/AMD)

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the motion of Defendant Elbert B. Johnson, Jr. (hereinafter, "Defendant Johnson") to stay the proceedings pending resolution of a criminal matter in the Superior Court of New Jersey, Salem County. (See generally Memorandum of Law in Support of Defendant Elbert Johnson, Jr.'s Notice of Motion to Stay Proceedings (hereinafter, "Def.'s Br.") [D.I. 8-2].) Plaintiff Terry J. Walker (hereinafter, "Plaintiff") opposes the motion. (See Brief in Opposition (hereinafter, "Pl.'s Opp'n") [D.I. 10].) The remaining Defendants take no position on the motion. The Court has considered the parties' submissions, held oral argument, and for the reasons that follow, grants Defendant Johnson's motion to stay the proceedings.

In this action, Plaintiff alleges that Defendants[1] violated his civil rights by "using excessive force upon Plaintiff while incarcerated; sexually harassing and assaulting Plaintiff while incarcerated; illegally and unlawfully searching Plaintiff while incarcerated and engaging in retaliatory behavior against Plaintiff for the grievances Plaintiff filed against certain correctional officers at the Salem County Correctional Facility." (Amended Complaint [D.I. 4], 2.) Plaintiff alleges that he was sexually assaulted by Defendant Johnson (id. at ¶ 4), and has asserted claims for violations of his civil rights under the First, Fourth, Eighth, and Fourteenth Amendments. (See generally id.) On April 1, 2015, Defendant Johnson was indicted on charges of sexual assault of Plaintiff in violation of N.J.S.A. 2C:14-2c and official misconduct in violation of N.J.S.A. 2C:30-2. (See Exhibit A to Certification of Christopher Alan Gray, Esq. (hereinafter, "Gray Cert.") [D.I. 8-4] (setting forth a copy of Defendant Johnson's Indictment).) Defendant Johnson's counsel asserts that Defendant Johnson's criminal matter is pending in New Jersey Superior Court, Salem County, Criminal Division (Gray Cert. [D.I. 8-3], ¶ 4) and represented at oral argument that while a criminal trial date has

---

[1] In addition to Defendant Johnson, Plaintiff asserts claims against Defendants County of Gloucester, Warden Raymond C. Skradzinski, the Salem County Board of Chosen Freeholders, the Gloucester County Board of Chosen Freeholders, Salem County Corrections Staff Members Nelson, Shannon, Grishom, Crawford, LT, Riley, and John Doe(s) A-Z. (See Amended Complaint [D.I. 4].)

not been set, the criminal trial is likely to take place in the summer of 2016.

"District courts possess inherent discretion to stay a proceeding whenever 'the interests of justice' mandate 'such action.'" Akishev v. Kapustin, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) (quoting United States v. Kordel, 397 U.S. 1, 12 n.27 (1970)). Such discretion is implicitly derived from the court's "inherent authority 'to control the disposition of the causes on its docket with economy of time and effort[.]'" Id. (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). While "[a] stay of a civil case where there are pending criminal proceedings is not constitutionally required," such a stay "may be warranted in certain circumstances." See Castellani v. City of Atlantic City, No. 13-5848, 2014 WL 201955, at *1 (D.N.J. Jan. 15, 2014) (citations omitted). Accordingly, in assessing whether a stay of a civil proceeding is appropriate in light of a parallel criminal proceeding, the courts consider a number of factors. See Walsh Sec., Inc. v. Cristo Prop. Mgmt. Ltd., 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998). These factors include: "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the [criminal] case, including whether the defendant[] ha[s] been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendant[]; 5) the

3

interests of the court; and 6) the public interest." Id. at 527 (citation omitted).

With respect to the first Walsh factor, the Court considers the overlap between the civil and criminal proceedings. See Walsh, 7 F. Supp. 2d at 527. In this case, the civil and criminal cases both arise from the same events and thus the overlap between the parallel proceedings is "extensive."[2] See, e.g., Castellani, 2014 WL 201955 at *2 (observing that "[s]uch overlap is extensive here: both matters stem entirely from the same incident and concern the facts and circumstances surrounding [p]laintiff's arrest and the force used in effectuating that arrest"). The Court therefore concludes that this factor weighs in favor of a stay of the proceedings. See Walsh, 7 F. Supp. 2d at 527 (finding that the first Walsh factor supported a stay as the parallel proceedings involved "many of the same issues").

With respect to the second Walsh factor, the Court assesses the "[t]he stage of the parallel criminal proceeding." See id. In general, "[t]he strongest case for a stay of discovery in a civil case occurs during a criminal prosecution after an indictment is returned, as it is then that the potential for self-

---

[2] In Plaintiff's initial papers, Plaintiff acknowledged the overlap (see Pl.'s Opp'n [D.I. 10], 1 on the docket). At oral argument, Plaintiff's counsel took a different position. The Court, however, concludes that there is significant overlap between the criminal and civil cases.

incrimination is greatest." <u>United States v. All Articles of Other-</u> <u>Sonic [Generic] Ultrasound Transmission Gel</u>, No. 12-2264, 2013 WL 1285413, at *2 (D.N.J. Mar. 27, 2013) (citations omitted). Here, Defendant Johnson has been indicted and consequently, this factor weighs in favor of a stay of the proceedings.

With respect to the third <u>Walsh</u> factor, the Court weighs the non-moving party's interest in expeditiously resolving the litigation against any prejudice to the non-movant in staying the matter. <u>See Walsh</u>, 7 F. Supp. 2d at 528. Plaintiff argues that while a stay of Defendant Johnson's deposition and certain interrogatory responses may be warranted, an entire stay is not warranted. Specifically, Plaintiff asserts that much of the discovery is within the possession of the New Jersey State Police and that production of such discovery will not prejudice Defendant Johnson. (Pl.'s Opp'n [D.I. 10], 1-2 on the docket.) Plaintiff also asserts that an indeterminate stay will prejudice Plaintiff by potentially causing a two-year delay and prohibiting Plaintiff's ability to preserve evidence. (<u>Id.</u> at 2 on the docket.) Defendant Johnson objects to a question-by-question approach to the deposition of Defendant Johnson[3] and also argues that a partial stay will prejudice Defendant Johnson particularly in the event that other depositions are taken. (Reply Brief in Opposition

---

[3] At oral argument, Plaintiff agreed to a stay of the entire deposition of Defendant Johnson.

(hereinafter, "Def.'s Reply") [D.I. 16], 4-5 on the docket.) In Walsh, the court found that the third factor supported a stay despite Plaintiff's argument that "a delay would cause memories to fade and assets to dissipate" and that "[a] stay could push back the resolution of the civil case by several months or even years." Walsh, 7 F. Supp. 2d at 528. The Walsh court reasoned that the plaintiff "has asserted no injury that is particularly unique." Id. Similarly, in Barker v. Kane, the district court, in considering a motion to stay pending resolution of a criminal case that was scheduled for trial in five months, reasoned that "[t]he mere fact of a less expeditious resolution is insufficient to show prejudice" and that the plaintiff "may be required to 'demonstrate a particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay.'" No. 15-1924, 2016 WL 827129, at *6 (M.D. Pa. Mar. 3, 2016) (quoting In re Adelphia Commc'ns Sec. Litig., No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003)). In Barker, the plaintiff argued that he would be prejudiced by a stay in part because "'the timely preservation of . . . testimony' . . . [was] critical to his case." Id. The Barker court found that while the plaintiff "obviously ha[d] an interest in the expeditious resolution of his civil claims[,]" the plaintiff failed "to identify any interests so substantial or time-sensitive as to require immediate resolution" and that "[t]he risks of less-than-pellucid witness recollection

6

and unavailable remedies are slight given the brevity of the proposed delay." Id. Consequently, the Barker court concluded that the plaintiff would "experience only minimal prejudice from a five-month deferment" of the matter. Id. Similarly, Plaintiff's prejudice argument in the present matter centers on his ability to "obtain and preserve" evidence.[4] (Pl.'s Opp'n [D.I. 10], 2 on the docket.) While Plaintiff clearly has an interest in the prompt resolution of this case, the Court finds, as in Barker, that Plaintiff has not presented a substantial or time-sensitive interest that warrants immediate resolution. The Court concludes, therefore, that this factor weighs in favor of a stay at this time.

With respect to the fourth Walsh factor, the Court assesses the burden on the movant in proceeding without a stay. See Walsh, 7 F. Supp. 2d at 528. Here, Defendant Johnson would be burdened by proceeding without any stay. As set forth supra, Defendant Johnson has been indicted on criminal charges and alleges that "[h]e must choose between waiving his Fifth Amendment right in defending himself in a civil lawsuit or asserting the privilege and probably losing in the civil case." (Def.'s Br. [D.I. 8-2], 5 on the docket.) Defendant Johnson's interest in preserving his

---

[4] Counsel for Defendant Johnson represented at oral argument that he has discovery from the New Jersey State Police and the Salem County Prosecutor's Office and has also requested that evidence be preserved at the New Jersey State Laboratory. The Court finds no basis to conclude that evidence in the present matter is likely to be lost.

Fifth Amendment right against self-incrimination overrides any argument to move forward with the litigation. See, e.g., Mejia v. Bros. Petroleum, LLC, No. 12-2842, 2014 WL 7040145, at *3 (E.D. La. Dec. 11, 2014) (citation omitted) (finding prejudice to a litigant where he would be forced to "cho[o]se between his civil discovery obligations and his Fifth Amendment privilege against self-incrimination[]"); see also Maloney v. Gordon, 328 F. Supp. 2d 508, 513 (D. Del. 2004) (finding prejudice to a litigant where proceeding with discovery required the movant to choose between asserting his rights or engaging in the civil matter). The Court concludes, therefore, that this factor weighs in favor of a stay of the proceedings.

The fifth Walsh factor concerns the interest of the Court "in resolving individual cases efficiently" Walsh, 7 F. Supp. 2d at 528, and "avoiding unnecessary litigation that would burden its docket and 'hamper judicial economy.'" Med. Inv. Co. v. Int'l Portfolio, Inc., No. 12-3569, 2014 WL 2452193, at *4 (E.D. Pa. May 30, 2014) (quoting Doe v. Sipper, 869 F. Supp. 2d 113, 117 (D.D.C. 2012)). A stay in the present matter furthers the interests of the Court "by reducing the risk of duplication of effort." Id. Additionally, although Plaintiff argues that "[Defendant] Johnson's testimony and statements are not necessary for discovery to proceed on a limited basis against [Defendant] Johnson and otherwise against all remaining defendants" (Pl.'s Opp'n [D.I.

8

10], 2 on the docket), the complaint is replete with allegations concerning Defendant Johnson's alleged conduct, and the Court concludes that proceeding with any discovery would not be judicially efficient at this time. See, e.g., Colombo v. Bd. of Educ. for the Clifton Sch. Dist., No. 11-785, 2011 WL 5416058, at *6 (D.N.J. Nov. 4, 2011) (concluding, in a matter with multiple defendants where only one defendant was indicted, that because the "[p]laintiff's claims relate[d] directly to [the indicted defendant's] alleged actions . . . discovery with regard to the [other defendants would] likely be impeded, or affected, when [the indicted defendant] invoke[d] his Fifth Amendment privilege" and that a stay of the entire matter was warranted "in the interest of efficiency and in avoiding piecemeal litigation"). Accordingly, the Court concludes that this factor weighs in favor of a stay of the proceedings.

With respect to the sixth Walsh factor, the Court considers the public interest. Walsh, 7 F. Supp. 2d at 529. The Court notes that "the public interest is promoted by allowing a complete, unimpeded criminal investigation." Colombo, 2011 WL 5416058, at *6. Additionally, "'the public's interest in the integrity of the criminal case is entitled to precedence of the civil litigant.'" Id. (quoting Javier H. v. Garcia-Botello, 218 F.R.D. 72, 74 (W.D.N.Y. 2003)). The Court concludes that this factor supports a stay of the proceedings. The public's interest

is furthered by the criminal matter going forward unimpeded and the Court concludes that there is no showing that there is harm to the public interest if the stay is granted. See Walsh, 7 F. Supp. 2d at 529 (noting that "[c]ourts have denied stays where the civil case, brought by a government agency, was intended to protect the public by halting the distribution of mislabeled drugs, . . . or the dissemination of misleading information to the investing public"). Accordingly, on balance, the Court concludes that the Walsh factors support a stay of the current matter. Consequently, for the reasons set forth herein, and for good cause shown,

IT IS on this 28th day of April 2016,

**ORDERED** that Defendant Johnson's motion requesting a stay of the proceedings [D.I. 8], shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that this matter is stayed until further Order of the Court; and it is further

**ORDERED** that the Court will conduct a telephone status conference on **September 6, 2016 at 2:00 P.M.**, at which time the Court will consider whether to lift or continue the stay. Counsel for Defendant Johnson shall initiate the telephone call.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Robert B. Kugler

10