# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TERRY J. WALKER, | : | |
| Plaintiff, | : | Civ. No. 15-7073 (RBK) (AMD) |
| v. | : | |
| COUNTY OF GLOUCESTER, et al., | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Terry J. Walker, a prisoner at Hudson County Correctional Facility, filed a civil rights complaint arising out of multiple incidents of alleged physical and sexual assault by corrections officers while he was incarcerated at Salem County Correctional Facility ("SCCF"). Currently pending before this Court is Defendants Salem County (on behalf of the County of Gloucester); SCCF Warden Raymond Skradzinski; Salem County Board of Chosen Freeholders; Gloucester County Board of Chosen Freeholders; the Salem County Sheriff (as the operator of SCCF); SCCF staff members Nelson, Shannon, Grishom, and Crawford; and SCCF supervisors "LT" and Riley's (collectively the "Salem County Defendants") motion to dismiss the complaint pursuant to Rule 12(b)(1), or for summary judgment according to Rule 56. For the following reasons, all claims against Defendant SCCF are dismissed with prejudice.

## II. BACKGROUND

The Court recites the facts in the light most favorable to Plaintiff. In his amended complaint, Plaintiff alleged that while incarcerated at SCCF, officers and staff members physically and sexually assaulted him. Specifically, Plaintiff alleged that on August 18, 2014, he was charged

at by SCCF Correctional Officer Elbert Johnson and physically forced to the ground during a strip search. Shortly thereafter, Officer Johnson and SCCF staff members Grishom, Nelson, and Shannon slammed Plaintiff's face against a concrete wall and physically beat Plaintiff. This physical assault was observed or approved by SCCF supervisors "LT" and Riley.

Following these incidents, Plaintiff filed a grievance against the officers and staff members, but no responsive action was taken. Plaintiff alleged he was placed in a detention unit as a result of a conspiracy of silence and false testimony by Officer Johnson and SCCF staff members Grishom, Nelson, and Shannon. Additionally, Plaintiff claimed that Officer Johnson verbally threatened Plaintiff and forced him to cut his fingernails as retaliation for his bisexual orientation.

Plaintiff further alleged that on April 2, 2015, Officer Johnson entered Plaintiff's cell and sexually assaulted him. Following the assault, Plaintiff was not provided access to a victim's advocate, rape crisis center, or forensic medical examination. After Plaintiff reported the incident to prison authorities, the state police conducted an investigation and Officer Johnson was arrested and charged with sexual assault.

Plaintiff's amended complaint alleged excessive force, failure to protect, failure to train and supervise, retaliation, and conspiracy in violation of Plaintiff's federal and state constitutional rights. Plaintiff also alleged that the Defendants discriminated against him in violation of the New Jersey Law Against Discrimination. Plaintiff seeks only monetary damages.

The Salem County Defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1] The Salem County Defendants argue that they are entitled to sovereign

---

[1] A motion for summary judgment is premature in this matter as discovery ends on February 28, 2018. Plaintiff is "entitled to discovery before being put to [his burden of] proof." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004). Therefore, the Court denies without prejudice the

2

immunity under the Eleventh Amendment and accordingly, Plaintiff's § 1983 claims should be dismissed. Plaintiff opposes the Salem County Defendants' motion, arguing that the Salem County Defendants are not entitled to sovereign immunity because the Eleventh Amendment only applies to state agents and instrumentalities, not counties.

### III. LEGAL STANDARD

A motion to dismiss on the grounds of state sovereign immunity is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). *See also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Motions to dismiss under Rule 12(b)(1) may be "facial" or "factual" challenges to the court's jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge contests the sufficiency of the complaint because of an alleged pleading deficiency, whereas a factual attack challenges the actual failure of the plaintiff's claims to comport with jurisdictional prerequisites. *See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007); *Mortensen,* 549 F.2d at 891.

In reviewing a facial challenge, the court must dismiss a plaintiff's claims if "the allegations on the face of the complaint, taken as true, [do not] allege facts sufficient to invoke [its] jurisdiction." *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994). If the moving party makes a factual challenge to the court's jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations" and the court may consider and weigh evidence outside of the pleadings. *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002). When the moving party supports its motion with evidence, "the court should treat the ... challenge as a factual attack on

---

Salem County Defendants' motion, to the extent it should be construed as a motion for summary judgment.

3

jurisdiction." *Id.* Although a plaintiff generally bears the burden of proving that the court has jurisdiction to hear the plaintiff's claims, *id.*, the party asserting Eleventh Amendment immunity has the "burden of production and persuasion." *Druz v. Noto*, No. 09–5040, 2010 WL 2179550, at *5 (D.N.J. May 28, 2010).

In this case, the Salem County Defendants have based their motion to dismiss on a developed factual record and a sworn certification. The Court therefore construes the Salem County Defendants' Rule 12(b)(1) motion as a factual attack. *See Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) ("[Defendant's] motion was supported by a sworn statement of facts. It therefore must be construed as a factual, rather than a facial attack on the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).").

Furthermore, because Plaintiff is a prisoner and names governmental entities or employees thereof as defendants, the screening provisions of the Prison Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply. In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. § 1997e apply. The Court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the Court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. *Id.*

## IV. DISCUSSION

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

4

Const. amend. XI. "[T]he Eleventh Amendment ... has been interpreted to render states ... generally immune from suit by private parties in federal court." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

Sovereign immunity also extends to state agents and state instrumentalities, "'as long as the state is the real party in interest.'" *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989)). The Supreme Court has long emphasized that "'when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.'" *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (quoting *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464 (1945)).

"'[T]he Supreme Court has long held that counties, municipalities, and political subdivisions of a state are not protected by the Eleventh Amendment.'" *Betts v. New Castle Youth Development Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Febres v. Camden Bd. of Educ.*, 445 F.3d 227, 229 (3d Cir. 2006)). *See also Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979) ("[T]he Court has consistently refused to construe the Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power.'" (citation omitted)).

"To determine whether a state instrumentality should be treated as an arm of the state and be entitled to immunity under the Eleventh Amendment, courts generally examine the nature of the entity and the relationship between the state and the entity being sued." *Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 246 (D.N.J. 2015). The Third Circuit considers three factors: "(1) whether the payment of the judgment would come from the state; (2) what status the entity

has under state law; and (3) what degree of autonomy the entity has." *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 546 (3d Cir. 2007)). *See also Christy v. Pa. Turnpike Comm'n*, 54 F.3d 1140, 1144-45 (3d Cir. 1995). Although the Third Circuit previously considered the first factor to be the most important, each factor is now weighed equally when determining whether an entity is entitled to Eleventh Amendment immunity. *See Karns,* 879 F.3d at 513; *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005).

### A. Salem County Correctional Facility

In his amended complaint, Plaintiff names the SCCF as a direct defendant. The Salem County Defendants argue that the SCCF should be entitled to Eleventh Amendment immunity because the county sheriff, who is responsible for the care, operation, and management of the county correctional facility, is closely supervised and controlled by the State. *See* N.J. Stat. Ann. § 30:8-17 ("the sheriff of every county shall have the care, custody, and control of the county jail"). Similar to county prosecutors, the Salem County Defendants contend that county sheriffs enjoy hybrid status as both county and state officers. As such, the Salem County Defendants argue that county sheriffs (and the county correctional facilities they operate) are entitled to Eleventh Amendment immunity.

This Court, however, need not address the Salem County Defendants' argument that the sheriff's office is entitled to immunity under the Eleventh Amendment as the SCCF is not a "person" amendable to suit under § 1983. *See Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Tremper v. Correct Care*

6

*Solutions*, No. 13-3626, 2014 WL 320338, at *2 (D.N.J. Jan. 29, 2014); *Antoine v. Belleville Mun. Ct.*, No. 10-1212, 2010 WL 2989991, at *3 (D.N.J. July 27, 2010); *McLeod v. Monmouth Cnty. Corr. Inst.*, No. 05-4710, 2006 WL 572346, at *4 (D.N.J. Mar. 8, 2006). Accordingly, all claims against the SCCF shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### B. The SCCF Warden and Staff Members

The Salem County Defendants also contend that several provisions under Chapter 31, Title 10A of the New Jersey Administrative Code permit the New Jersey Department of Corrections ("NJDOC") to establish minimum standards for adult county correctional facilities. *See, e.g.,* N.J. Admin. Code §§ 10A:31-1.5, 2.1, and 2.2. Because the NJDOC sets minimum standards for county correctional facilities, the Salem County Defendants contend that county correctional facilities and their staff members are an extension of the State.

While the Salem County Defendants are correct that the NJDOC does provide some oversight over county correctional facilities, this minimal oversight does not conclusively demonstrate that county correctional facilities serve as an arm of the State. Numerous other provisions throughout the New Jersey Administrative Code vest adult county correctional facilities with significant autonomy in developing and enforcing their own policies and procedures. *See, e.g.*, N.J. Admin. Code § 10A:31-1.9 (providing that county correctional facilities are responsible for developing their own written policies and internal management procedures); N.J. Admin. Code § 10A:31-6.1 to 6.4 (providing that the county correctional facility is responsible for maintaining all inmate records and population movement reports); N.J. Admin. Code § 10A:31-8.12 (stating that county correctional staff shall develop written operating procedures for every staff post); N.J. Admin. Code § 10A:31-8.17(a) (providing that county correctional facility staff shall promulgate

7

written procedures governing the use of physical force); N.J. Admin. Code § 10A:31-8.17(b) (stating that staff are authorized to enforce county correctional facility rules and regulations); N.J. Admin. Code § 10A:31-16.2 (stating that the county correctional facility shall develop a written inmate disciplinary rulebook).

Moreover, recent decisions from this district are clear that a county correctional facility's employees do not enjoy Eleventh Amendment immunity. *See, e.g.*, *Stathum v. Nadrowski*, No. 15-5502, 2016 WL 7411428, at *4 (D.N.J. Dec. 22, 2016) (holding that Eleventh Amendment immunity did not apply to a county jail's employees); *Mazariegos v. Monmouth Cnty. Corr. Inst.*, No. 12-5626, 2014 WL 1266659, at *9 n.17 (D.N.J. Mar. 25, 2014) (finding that the warden and a correctional officer at the county jail did not enjoy Eleventh Amendment immunity). The Court, therefore, rejects the Salem County Defendants' assertion that SCCF Warden Raymond Skradzinski, SCCF staff members Nelson, Shannon, Grishom, and Crawford, and SCCF supervisors "LT" and Riley are entitled to Eleventh Amendment immunity.[2]

### C. The County and Board of Chosen Freeholders

Finally, the Salem County Defendants have failed to present any argument as to why Salem County, the Salem County Board of Chosen Freeholders, and the Gloucester County Board of Chosen Freeholders should be entitled to sovereign immunity. It is well established that "Eleventh Amendment immunity does not, however, extend to counties and municipalities despite their status as political subdivisions of a state." *Karns*, 879 F.3d at 513. Since the Salem County Defendants have not met their burden, at this time the Court will reject, without prejudice, the Salem County

---

[2] To the extent Plaintiff seeks to recover damages from the individual Salem County Defendants in their personal, not official, capacities, such claims would also not be barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1977); *Cresci v. Aquino*, No. 13-4695, 2017 WL 1356322, at *4 (D.N.J. Apr. 10, 2017) (noting that "the Eleventh Amendment would not bar a personal-capacity suit").

8

Defendants' argument that Salem County, the Salem County Board of Chosen Freeholders, and the Gloucester County Board of Chosen Freeholders are subject to dismissal on the basis of Eleventh Amendment immunity.

## V.  CONCLUSION

For the foregoing reasons, the Salem County Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) or for summary judgment pursuant to Rule 56 is denied without prejudice.  However, all claims against Defendant Salem County Correctional Facility shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.  An appropriate order will be entered.

DATED:  February 26, 2018
s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge