UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TERRY J. WALKER,

    Plaintiff,

v.

COUNTY OF GLOUCESTER, et al.,

    Defendants.

Civ. No. 15-7073 (RBK) (AMD)

**OPINION**

## ROBERT B. KUGLER, U.S.D.J.

Before the Court is a motion for judgment on the pleadings seeking to dismiss the Amended Complaint ("Complaint") pursuant to Rule 12(c), or for summary judgment pursuant to Rule 56, on behalf of all Defendants, with the exception of Defendant Johnson (hereinafter "Defendants"). (ECF No. 104). Plaintiff filed an Opposition (ECF No. 122) and a Supplemental Opposition (ECF No. 134). Defendants did not file a reply that addressed the merits. (ECF No. 132). Thereafter, the Court terminated the matter pursuant to *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), to provide the parties with additional notice and an opportunity to respond before deciding factual disputes, such as exhaustion, on summary judgment, as well as address a certain discovery issue. (ECF No. 141). Only Plaintiff filed a submission that addressed the merits of the Court's Order. (ECF No. 144).

For the following reasons, the Court will grant in part Defendants' motion. Additionally, the Court will dismiss without prejudice Counts 3, 4, 5, and 8, Plaintiff's conspiracy claims, as well as Defendants Gloucester County, Shannon, Crawford, LT, and all John Does pursuant to Federal Rule of Civil Procedure 41(a)(2), and grant Plaintiff leave to file a proper motion to amend.

# I. BACKGROUND

As the parties are intimately familiar with the facts of this case and because the Court has already set forth the background of this matter in its earlier Opinion (ECF No. 62), the Court will only set forth the background necessary to address the instant motion.

The Court recites the facts in the light most favorable to Plaintiff. Plaintiff alleges that while incarcerated at the Salem County Correctional Facility ("SCCF"), officers and staff members physically and sexually assaulted him, or were present, observed, or approved of the assaults. Specifically, on August 15, 2014, Defendant Griscom applied excessive force by placing Plaintiff in an arm lock and banging his head against the wall, after disobeying an order.

On August 18, 2014, Defendants Nelson and Johnson, among others, applied excessive force, kicking, choking, striking, and slamming Plaintiff's head, for disobeying an order during a strip search. There was a disciplinary hearing as to Plaintiff's failure to obey that order, and the disciplinary committee found Plaintiff guilty on that charge. Plaintiff did not appeal that finding. On August 19, 2014, Defendant Nelson punched Plaintiff in the rib cage for failing to put on a shirt before exiting his cell.

The parties dispute whether Plaintiff filed an electronic informal grievance, as to all of these incidents, but agree that he relayed all three incidents to an internal affairs investigator on September 5, 2014, and that the jail conducted an internal affairs investigation for each of the three incidents. Ultimately, internal affairs did not sustain Plaintiff's allegations. Plaintiff later contended that Defendants Johnson, Griscom, Nelson, and Shannon placed him in a detention unit as a result of a conspiracy of silence and false testimony.

On or about April 1, 2015, Plaintiff reported to an officer that Defendant Johnson entered Plaintiff's cell the previous evening and sexually assaulted him. Following the assault, Plaintiff

was not provided access to a victim's advocate, rape crisis center, or forensic medical examination. After Plaintiff reported the incident to prison authorities, the state police investigated the incident, arrested Defendant Johnson, and charged him with sexual assault.

According to Defendants, Plaintiff filed "informal grievances" as to the three incidents of excessive force and one incident of sexual assault. Throughout these events, Defendants have not alleged that any staff member advised Plaintiff to initiate the filing of a standard grievance. It appears, instead, that the jail commenced internal affairs investigations.

The instant Complaint raises claims of excessive force, failure to protect, failure to train and supervise, retaliation, and conspiracy in violation of Plaintiff's federal and state constitutional rights. Plaintiff also alleges that Defendants discriminated against him in violation of the New Jersey Law Against Discrimination.

Defendants now move for judgment on the pleadings under Rule 12(c), or in the alternative, for summary judgment under Rule 56. First, Defendants argue that summary judgment is appropriate because Plaintiff has failed to exhaust his administrative remedies and therefore, the Prison Litigation Reform Act ("PLRA") bars his claims. Additionally, without delineating their arguments, Defendants appear to argue that they are both entitled to summary judgment as to most claims under Rule 56, and that those same claims fail to state a claim under Rule 12(c).

## II.  STANDARDS OF REVIEW

### A. Motions for Judgment on the Pleadings Under Rule 12(c)

Under Federal Rule of Civil Procedure 12(c), a court will grant judgment on the basis of the pleadings if "the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008).

Courts evaluate a Rule 12(c) motion that alleges that the plaintiff failed to state a claim under the same standard as a Rule 12(b)(6) motion to dismiss. *Turbe v. Gov. of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely contains "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" is insufficient to overcome dismissal. *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

### B. Motions for Summary Judgment Under Rule 56

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolan v. Cotton,* 572 U.S. 650, 656–57 (2014). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Cotton,* 572 U.S. at 657. The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof," the moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the moving party meets its threshold burden, the opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence that may show that genuine issues of material fact exist). The non-moving party must at least present

probative evidence from which the jury might return a verdict in his favor. *Anderson,* 477 U.S. at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 322. "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990).

## III. DISCUSSION

As a preliminary matter, Defendants argue that the Complaint fails to properly allege, and that discovery refutes, "the claim that a long-term conspiracy existed." (ECF No. 104-2, at 3). In response, Plaintiff has advised that he wishes to voluntarily dismiss the entirety of Counts "3, 4, 5, and 8," as well as the remainder of his conspiracy claims, including those within Count 2, in addition to Defendants Gloucester County, Shannon, Crawford, LT, and all John Does. (ECF No. 124, at 36; ECF No. 134, at 1). Defendants have not objected to these requests. Consequently, the Court will dismiss without prejudice the aforementioned counts and Defendants, pursuant to Federal Rule of Civil Procedure 41(a)(2).

### A. Exhaustion

Next, Defendants contend that summary judgment is appropriate because Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), codified as 42 U.S.C. § 1997e, precludes prisoners from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." *Spruill v. Gillis,* 372 F.3d 218, 227 (3d Cir.2004). Specifically, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e (a) (emphasis added).

The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Coulston v. Glunt*, 665 F. App'x 128, 132 (3d Cir. 2016).

A plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the requested relief. *Porter,* 534 U.S. at 524. The prisoner must "carry the grievance through any available appeals process" in order to successfully exhaust his claim. *Camino v. Scott,* No. 05–4201, 2006 WL 1644707, *4 (D.N.J. June 7, 2006) (citing *Spruill,* 372 F.3d at 232). Failure to exhaust is an affirmative defense, and as such, defendants have the burden to plead and prove that a plaintiff has failed to exhaust. *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013).

To determine whether a prisoner has exhausted his administrative remedies, the Court looks to the agency's applicable grievance procedure and rules, in this case, the SCCF. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). The SCCF's inmate handbook[1] provides for two types of grievance procedures relevant to this case, informal and standard grievances. (ECF No. 104-3, at 13). An inmate may voice an informal grievance to their housing officer at any time, and the housing officer may initiate corrective action if it is within the scope of their abilities. If it is outside the scope of their abilities, they shall notify a shift supervisor, who may attempt to resolve the matter or have the inmate initiate the standard grievance procedure.

---

[1] Plaintiff argued that consideration of the inmate handbook was inappropriate as Defendants did not provide it during discovery. Nevertheless, because the Court finds in favor of Plaintiff on the issue of exhaustion, the Court will consider the handbook for the purposes of the instant motion.

To complete a standard grievance, an inmate must file a formal, written grievance, on the proper form, and submit it to the shift commander. If the shift commander is unable to informally resolve the matter, he then forwards the grievance to the operations supervisor. In the event a grievance "cannot be resolved to the inmate's satisfaction by action at the department head level . . . a Grievance Committee is convened to resolve the issue." (ECF No. 104-3, at 13). Thereafter, a prisoner may appeal an adverse decision to the facility administrator.

With those principles in mind, the Court finds that Defendants have failed to prove the affirmative defense of exhaustion. Even Defendants' version of the events fails to show that staff followed SCCF's grievance procedures. Defendants allege that Plaintiff lodged four informal grievances, covering the three incidents of excessive force and the one incident of sexual assault. According to Defendants, instead of following any of the procedures discussed above, the housing officers or staff that received the informal grievances, instead caused the initiation of several internal affairs investigations.

Defendants do not allege that any housing officer "initiate[d] corrective action, if the action [was] within the normal scope of their responsibility," or "notif[ied] the shift supervisor of the grievance." (ECF No. 104-3, at 13). Nor do Defendants allege that a shift supervisor ever received Plaintiff's grievances and either "attempt[ed] to resolve the matter or have the [Plaintiff] initiate a standard grievance." (*Id.*).

It appears to the Court that the internal affairs process exists outside of, and is entirely separate from, the jail's grievance procedures. Indeed, there is no mention of internal affairs, or how to appeal decisions thereof, anywhere in the grievance procedure section of the inmate handbook. "The PRLA does not require exhaustion of all remedies. Rather, it requires exhaustion

of such administrative remedies 'as are available.'" *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (quoting 42 U.S.C. § 1997e).

Ultimately, if there are any policies regarding internal affairs investigations and how they relate to SCCF's grievance procedure system, or if prisoners have the ability to appeal internal affairs decisions within the jail,[2] Defendants have not provided that information to the Court.

Finally, the Court rejects Defendants' argument that Plaintiff's failure to appeal a certain disciplinary infraction bars all of his claims. At the outset, the Complaint does not appear to challenge the results of the disciplinary hearing. Nor does it appear, from Defendants' submissions, that the hearing in any way addressed the alleged use of excessive force *after* Plaintiff disobeyed the order, on August 18, 2014. (ECF No. 104-6, at 8–9).

In other words, the disciplinary hearing addressed Plaintiff's conduct and made no decision as to the conduct of Defendants Nelson and Johnson. (*Id.*). On the other hand, Plaintiff's informal grievance against Defendants Nelson and Johnson, alleging that they applied excessive force after Plaintiff disobeyed an order, focused on the conduct of those Defendants and *could* have resulted in an appealable decision within SCCF's grievance process.

Frankly, if there is more to Defendants' logic[3] as to how a failure to appeal this disciplinary hearing encompasses not only the conduct of Defendants Nelson and Johnson on August 18, 2014,

---

[2] Defendants summarily conclude, with no further analysis, that Plaintiff should have appealed the internal affairs decisions through filing an action "In Lieu of Prerogative Writ[]" with the New Jersey Superior Court, under New Jersey Court Rule 4:69.

The PLRA, however, only mandates "compliance with the *prison's* grievance procedures," that "are defined. . . by the *prison grievance process* itself." *Small*, 728 F.3d at 272 (emphasis added). The Court is not aware of, and Defendants have not provided, any case law which has held that compliance with New Jersey Court Rule 4:69 is necessary to exhaust a claim under the PLRA.

[3] Indeed, by Defendants' logic, it appears that staff could have *carte blanche* used excessive force on Plaintiff, at any time throughout his sentence, on any number of different occasions, and the

8

but also the conduct of *all* of the Defendants *before and after* the disciplinary hearing, they have "certainly not gone to great pains to explain [their] theories to the Court." *Turzanski v. Cty. of Burlington*, No. 15-8866, 2018 WL 5874073, at *4 (D.N.J. Nov. 9, 2018). Axiomatically, courts consider "[e]xhaustion . . . separately for each claim . . . and if a complaint includes both exhausted and unexhausted claims, courts will dismiss the latter but not the former." *See, e.g.*, *Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019).

For all those reasons, Defendants have not met their threshold burden to establish the affirmative defense of exhaustion. Accordingly, as to the issue of exhaustion, the Court will deny Defendants' motion for summary judgment.

### B. Count 1 and the Prison Rape Elimination Act

Next, Defendants contend that the Court should grant summary judgment as to the entirety of Count 1, characterizing the count as attempting to state a cause of action for violations of the Prison Rape Elimination Act ("PREA"). With the exception of one evidence related sentence, Defendants argue primarily on the Rule 12(c) standard, challenging the sufficiency of the allegations in the Complaint. Consequently, the Court will construe the argument as one under Rule 12(c).

Defendants correctly note, that "the PREA does not create a private cause of action and claims alleging violations of the PREA are not cognizable under § 1983." *See, e.g.*, *Bey v. New Jersey Dep't of Corr.*, No. 18-3693, 2018 WL 5784999, at *3 (D.N.J. Nov. 5, 2018). That the

---

PLRA would bar all of his claims because he failed to appeal *one* disciplinary incident that made no findings on the issue of excessive force.

Curiously, Plaintiff forcefully identified this issue, among others, but Defendants declined to submit a reply brief or otherwise respond to the Court's Order requesting supplemental briefing on the issue of exhaustion. (ECF No. 141).

PREA does not create a private cause of action, however, "does not mean that this statute and the national standards are meaningless in litigation." *Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666, at *3 (D.N.J. Aug. 31, 2017). If a prisoner otherwise states a constitutional cause of action, "such as for a deliberate indifference to dangerous conditions of confinement, the fact that a prison facility may have failed to adopt and enforce the national standards may, or may not, be evidence of deliberate indifference depending on the circumstances." *Id*.

Here, Plaintiff concedes that he is not attempting to establish "Defendants' liability based upon a particular violation of the [PREA]" or the jail's policies that stem from the PREA. (ECF No. 124, at 16). Accordingly, to the extent that one could read the Complaint as attempting to raise a private cause of action for violations of the PREA, the Court will grant the motion for judgment on the pleadings.

The Court will not, however, dismiss Count 1 to the extent that it raises claims of deliberate indifference under *Monell* and or under a theory of supervisory liability. Defendants make no effort to address the bulk of Count 1 or respond to the substantial evidence[4] on these issues, within Plaintiff's Opposition. Defendants' bare conclusions, as to the remainder of Count 1, are insufficient to establish under either Rule 12(c) or Rule 56, that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Additionally, as some federal constitutional claims remain, the Court will deny Defendants' motion for judgment on the pleadings as to Count 7, which raises corresponding state constitutional claims under the New Jersey Civil Rights Act.

---

[4] The Court makes no finding on whether Count 1 as alleged, is sufficient to state a *Monell* or supervisory liability claim without the additional evidence in Plaintiff's briefs.

## IV. CONCLUSION

For the foregoing reasons, Court will grant in part Defendants' motion for judgment on the pleadings under Rule 12(c) or for summary judgment pursuant to Rule 56. The Court will dismiss with prejudice Count 1 to the extent one could read it as attempting to state a claim for independent violations of the PREA but will allow the remainder of Counts 1, 2, and 7 to proceed.

Additionally, the Court will dismiss without prejudice Counts 3, 4, 5, and 8, Plaintiff's conspiracy claims, as well as Defendants Gloucester County, Shannon, Crawford, LT, and all John Does pursuant to Federal Rule of Civil Procedure 41(a)(2). As to Plaintiff's various requests[5] to amend his Complaint in order "to eliminate certain defendants and narrow the causes of action" (ECF No. 134), the Court will grant Plaintiff leave to file a proper motion to amend along with a proposed amended complaint. An appropriate Order follows.


DATED: March 3 , 2020                                s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge

---

[5] Defendants do not appear to have objected to these requests.