```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

TERRY J. WALKER,                    :     CIVIL ACTION
                                    :     NO. 15-7073
         Plaintiff,                 :
                                    :
    v.                              :
                                    :
COUNTY OF GLOUCESTER,, et al.,      :
                                    :
         Defendants.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              January 25, 2022

Plaintiff Terry Walker alleges that when he was an inmate at the Salem County Correctional Facility ("SCCF"), corrections officer (and Defendant) Elbert Johnson sexually assaulted him. Johnson claims that the encounter was consensual. Walker also claims that he was subject to excessive force by other corrections officers during his incarceration, unrelated to the alleged sexual assault. In addition to Johnson, Walker has named as Defendants the Salem County Board of Chosen Freeholders; Raymond Skradzinski, the warden at SCCF (individually and in his official capacity); and Captain Robert Reilly, a supervisor at SCCF. Walker brings his action pursuant 42 U.S.C. § 1983 and claims that his Fourth, Eighth and Fourteenth Amendment rights were violated in that he was subjected to physical and sexual

assaults, against which he was not protected by the SCCF. Presently before the Court are the parties' motions in limine.

I.  **FACTS AND PROCEDURAL HISTORY**

Walker contends that Johnson sexually assaulted him on April 1, 2015 in Walker's cell. Johnson is seen on video entering Plaintiff's cell several times over several hours in the early morning of April 1, 2015. There is no video inside the cells and there appears to be no mechanism to alert staff when a cell door is opened. Walker reported the events to staff later that day and the New Jersey State Police conducted an investigation. Johnson was charged with sexual assault and was fired. Walker also claims that other corrections officers had previously physically assaulted him on August 15, 18, and 19, 2014. Walker claims that the supervisory Defendants have established well-settled practices which made the assaults possible and foreseeable.

Walker filed this action on September 24, 2015. The case was reassigned to this Court, sitting by designation, on June 23, 2020. On November 12, 2020, this Court denied the Defendants' motion for summary judgment on Monell liability finding that "there are genuine disputes as to material facts including whether the Defendants acted with deliberate indifference to the risk of sexual assault in the facility which

prevent summary judgment." ECF No. 187 at 1 n.1. The Court thereafter entered a final pretrial order.

Presently pending is Walker's omnibus motion in limine seeking: (a) to preclude evidence regarding the felony to which he pleaded guilty; (b) to preclude evidence of his sexual preference or identity; (c) to preclude evidence of his sexual conduct with inmates or related disciplinary history while incarcerated; (d) to determine that the Defendants are not entitled to qualified immunity; and (e) to preclude the use of consent as a defense to the alleged sexual assault. After an April 7, 2021 oral argument, the Court asked Walker to file an additional motion expanding his arguments against a corrections officer's use of consent as a defense to an inmate's sexual assault allegation, which he subsequently did. Also pending is Johnson's motion in limine to bar the testimony of Walker's damage expert, Dr. Michael Norver, which was also heard during the April 7, 2021 oral argument.

## II.  DISCUSSION

### A.  Walker's motion to preclude consent as a defense

Walker seeks to "preclude the Defendants from any use of evidence relevant to an allegation that Plaintiff consented to the sexual assault." ECF 204 at 7. However, Plaintiff cites no law that supports such a broad exclusion.

3

In the past, a few courts have concluded that consent can never be a defense to a section 1983 prison sexual assault case. See Carrigan v. Davis, 70 F. Supp. 2d 448, 452-53 (D. Del. 1999) (concluding "that an act of vaginal intercourse and/or fellatio between a prison inmate and a prison guard, whether consensual or not, is a per se violation of the Eighth Amendment") (footnote omitted). Other courts have found that evidence of consent is highly probative of culpability. See Freitas v. Ault, 109 F.3d 1335, 1338-39 (8th Cir. 1997) (finding that there was no evidence that a sexual relationship with a guard was non-consensual except for the inmate's unsubstantiated assertions, and, thus, it could not have caused the inmate "pain," which the court concluded was necessary for an Eight Amendment violation).

However, more modern cases have reached a middle ground that recognizes the severe power imbalance between a corrections officer and an inmate, but also respects the autonomy of inmate. This view was espoused by the Ninth Circuit in Wood v. Beauclair, 692 F.3d 1041 (9th Cir. 2012). In Wood, the court was cognizant that "[t]he power dynamics between prisoners and guards make it difficult to discern consent from coercion," id. at 1047, but was "concerned about the implications of removing consent as a defense for Eighth Amendment claims." Id. at 1048. The court ultimately concluded that:

> when a prisoner alleges sexual abuse by a prison guard, we believe the prisoner is entitled to a presumption that the conduct was not consensual. The state then may rebut this presumption by showing that the conduct involved no coercive factors. We need not attempt to exhaustively describe every factor which could be fairly characterized as coercive. Of course, explicit assertions or manifestations of non-consent indicate coercion, but so too may favors, privileges, or any type of exchange for sex. Unless the state carries its burden, the prisoner is deemed to have established the fact of non-consent.

Id. at 1049.

Other Circuit Courts have followed Wood. In Hale v. Boyle Cty., the Sixth Circuit held last year that:

> We clarify that a rebuttable-presumption framework regarding consent applies in cases involving sexual conduct between prison officials and incarcerated persons. Under this framework, an incarcerated person is "entitled to a presumption that the conduct was not consensual." The defendant "may rebut this presumption by showing that the conduct involved no coercive factors."

18 F.4th 845, 854 (6th Cir. 2021) (quoting Wood, 692 F.3d at 1049). Earlier in Graham v. Sheriff of Logan Cty., the Tenth Circuit did not directly adopt the Ninth Circuit test but concluded that:

> Absent contrary guidance from the Supreme Court, we think it proper to treat sexual abuse of prisoners as a species of excessive-force claim, requiring at least some form of coercion (not necessarily physical) by the prisoner's custodians. We agree with the Ninth Circuit that "[t]he power dynamics between prisoners and guards make it difficult to discern consent from coercion." But there is no difficulty presented by the facts relied on by Ms. Graham in this case. Even were we to adopt the same presumption as the Ninth Circuit, the presumption

5

>against consent would be overcome by the overwhelming evidence of consent.

741 F.3d 1118, 1126 (10th Cir. 2013) (quoting Wood, 692 F.3d at 1047).

The parties also appear to promote the Wood analysis. First, Wood is the only case Walker cites in his motion. Second, Walker cites favorably a recent law review article which espouses the Ninth Circuit's logic. Nika Arzoumanian, Consent Behind Bars: Should It Be A Defense Against Inmates' Claims of Sexual Assault?, 2019 U. Chi. Legal F. 415, 416 (2019) ("I will argue in favor of the mixed approach taken by the Ninth Circuit: prisoners are 'entitled to a presumption that any relationship with a correctional officer is not consensual,' but the defendant can 'rebut this presumption by showing that the relationship "involved no coercive factors"' beyond the background coercion that prison already imposes.") (quoting M. Jackson Jones, Power, Control, Cigarettes, and Gum: Whether an Inmate's Consent to Engage in A Relationship with A Correctional Officer Can Be A Defense to the Inmate's Allegation of A Civil Rights Violation Under the Eighth Amendment, 19 Suffolk J. Trial & App. Advoc. 275, 278 (2014)). Third, Johnson also cites Wood approvingly, asserting that:

>[Walker's] reliance on Wood v. Beauclair, 692 F3d. 1041,(9th Cir. 2012) supports that Defendant may show consent as a defense against an Eighth Amendment Claim.

> . . . It is for the jury to determine whether the behavior is harmful enough to warrant an Eighth Amendment Claim. If anything, Wood establishes that there is a rebuttable presumption that still makes it a jury question whether Plaintiff consented to the encounter.

ECF No. 206 at 7.

The Court adopts the Ninth Circuit analysis as it takes into consideration the significant power imbalance between guards and inmates but recognizes that the inmates are adults and not incompetents or children.[1] The Court has found no recent circuit court opinions that readily conflict with this view. Thus, the Court will deny Walker's motion and Defendants may produce evidence at trial of non-coerciveness which rebuts the presumption that the sexual contact was non-consensual or coercive.

### B. Walker's omnibus motion in limine[2]

#### 1. To preclude any evidence of Walker's criminal case including his guilty plea, charges, nature of offense, or sentence.

Walker pleaded guilty to sexual assault of a minor which resulted in his prison term. He contends that use of any

---

[1] While Woods as well as the other cases discussed herein involved heterosexual sexual encounters, rather than the homosexual encounter in this case, the Court finds this fact irrelevant.

[2] In that the Court has discussed the use of consent as a defense above, it will not do so again in connection with this motion.

7

evidence of the charges or his guilty plea (while otherwise eligible for admission to impeach under F.R.E. 609) would be highly prejudicial and would have no probative value in relation to his section 1983 claims. Thus, Walker seeks preclusion of the evidence under F.R.E. 403.

The Court agrees that the probative value of the details of Walker's crime is substantially outweighed by its prejudicial nature under F.R.E. 403. Defendants may attempt to impeach Walker under F.R.E. 609 by referencing that he pleaded guilty to a felony, but may not disclose the factual basis for the felony. The Court will, therefore, grant this motion in part and deny it in part.

### 2. To preclude any evidence of Walker's sexual preference or identity.

Walker identifies as a bi-sexual male. He argues that any reference to his sexual preference is irrelevant to the elements of his claims or the alleged sexual assault by Johnson. Walker asserts that there is no plausible reason to present evidence of his sexual preference other than to create potential anti-gay jury bias.

The Court concludes that, under F.R.E. 403, Walker's sexual orientation is strongly entwined with the facts of the case and its probative value, which will greatly aid the jury in understanding the allegations, is not substantially outweighed

8

by any speculative threat of anti-gay prejudice. Thus, the Court will deny this motion.

### 3. To preclude any evidence of Walker's sexual conduct and related disciplinary history while incarcerated.

Prior to Johnson's alleged sexual assault of Walker, Defendants investigated a complaint by an inmate of inappropriate sexual activity which included inmate statements alleging that Walker had engaged in sexual conduct with other inmates. Walker asserts that the statements are not relevant to his claims and, thus, Defendants should be precluded from introducing any testimony or reports that refer to his alleged involvement in inappropriate sexual conduct with other inmates.

The Court concludes that the probative value of Walker's alleged sexual activity with other inmates is very low and substantially outweighed by the prejudice it would create under F.R.E. 403. Defendants to not contend otherwise. Thus, the Court will grant this motion.

### 4. To determine as a matter of law that the Defendants are not entitled to qualified immunity.

Walker contends that sufficient undisputed facts exist to allow the Court to rule that qualified immunity is not available to the supervisory Defendants, Warden Skradinski or Captain Reilly, as both are knowledgeable about the constitutional

9

rights of inmates and cannot deny that they failed to enforce policies that would have prevented the alleged assaults.

The Court disagrees that the record is so clear that the supervisory defendants are, as a matter of law, not entitled to qualified immunity. This determination will be made by the Court once the facts are established at trial. Thus, the Court will deny this motion without prejudice.

### C. Johnson's motion to exclude

Johnson seeks to preclude testimony from Walker's damages expert, Dr. Michael Norver. Dr. Norver opines in his reports about Walker's PTSD and substance abuse issues. Johnson claims that Dr. Norver incorrectly attributes these issues solely to the alleged sexual assault by Johnson. Johnson argues that Dr. Norver ignores or was not provided background on a number of additional relevant facts including Walker's alleged significant history with violence, crime, and sexual assault. Johnson also claims that Dr. Norver's opinion is an inadmissible net opinion because it is speculative and he fails to state the principles and methods that he used.

Walker contends that Johnson's alleged grounds for exclusion are just grounds for cross-examination. He asserts that Dr. Norver's reports are based upon well-recognized psychological tests which he describes in the reports.

10

The Court agrees with Walker that it is not necessary to preclude Dr. Norver's testimony and that Defendants may, instead, explore any perceived deficiencies during cross-examination.[3] Thus, Johnson's motion will be denied.

**III. CONCLUSION**

As described above, the Court will: (1) deny Walker's motion to preclude all evidence of consent to the alleged sexual assault in that Defendants may use evidence to rebut the presumption that the sexual activity was non-consensual or coercive; (2) grant in part and deny in part Walker's motion to preclude evidence of his underlying felony guilty plea in that Defendants may use the fact that Walker pleaded guilty to a felony for impeachment purposes but may not disclose the factual basis of the felony; (3) deny Walker's motion to preclude evidence of his sexual orientation or identity; (4) grant Walker's motion to preclude evidence of his disciplinary history regarding alleged sexual activity with other inmates; (5) deny Walker's motion to determine that the Defendants are not

---

[3] While Johnson did not specifically request a Daubert hearing, having reviewed the submitted materials and having held oral argument on the motion, the Court concludes that Dr. Norver's opinion meets the Daubert standard in that Dr. Norver appears qualified and his opinion appears sufficiently reliable and relevant such that it will assist the jury in reaching a determination. See Calhoun v. Yamaha Motor Corp., U.S.A., 350 F.3d 316, 321 (3d Cir. 2003).

entitled to qualify immunity; and (6) deny Johnson's motion to preclude the opinion of Dr. Norver.

An appropriate order follows.